# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BRIDGET SURGRETTA TAYLOR, | : | CASE NO. 21-50289 - PWB |
| | : | |
| DEBTOR. | : | |
| | : | |
| MARY IDA TOWNSON | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| BRIDGET SURGRETTA TAYLOR, | : | |
| | : | |
| RESPONDENT. | : | |

## NOTICE OF MOTION TO DISMISS
## DEADLINE TO OBJECT, AND FOR HEARING

On June 14, 2021, the United States Trustee filed a Motion to Dismiss Case Based on the Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and 707(b)(3). Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at** United States Bankruptcy Court, 1340 Richard Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3367; and serve a copy on the movant's attorney, Vanessa A. Leo, 362 Richard Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303; and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

**GIVEN THE CURRENT PUBLIC HEALTH CRISIS, HEARINGS MAY BE**

**TELEPHONIC ONLY. PLEASE CHECK THE "IMPORTANT INFORMATION REGARDING COURT OPERATIONS DURING COVID-19 OUTBREAK" TAB AT THE TOP OF THE GANB WEBSITE PRIOR TO THE HEARING FOR INSTRUCTIONS ON WHETHER TO APPEAR IN PERSON OR BY PHONE.**

A hearing on the pleading has been scheduled for **July 15, 2021 at 10:00 a.m.** in **Courtroom 1401, Richard Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.** If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: <u>June 14, 2021</u>

                                                        MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21
By: /s/
Vanessa A. Leo
Georgia Bar No. 410598
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BRIDGET SURGRETTA TAYLOR, | : | CASE NO. 21-50289 - PWB |
| | : | |
| DEBTOR. | : | |
| | : | |
| MARY IDA TOWNSON | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| BRIDGET SURGRETTA TAYLOR, | : | |
| | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**BASED ON PRESUMPTION OF ABUSE ARISING UNDER 11 U.S.C. § 707(b)(2)**
**AND ABUSE ARISING UNDER 11 U.S.C. § 707(b)(3)**

Mary Ida Townson, United States Trustee for Region 21, through undersigned counsel, respectfully moves this Court to enter an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3), and in support thereof, states as follows:[1]

### I.  COURSE OF PROCEEDINGS AND STATEMENT OF FACTS

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3).

---

[1] The United States Trustee is filing this motion pursuant to section 707(b)(2) and 707(b)(3). The United States Trustee reserves the right to amend or supplement this motion based on additional documents or information provided by Debtor.

-3-

2.	On January 13, 2021, Bridget Surgretta Taylor (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code.

3.	On March 9, 2021 the Debtor converted her case to one under Chapter 7.

4.	The United States Trustee appointed S. Gregory Hays, as Chapter 7 Trustee in this case, and he continues to serve in that capacity.

5.	The chapter 7 trustee commenced and concluded the section 341 meeting of creditors on May 4, 2021.

6.	Based upon a review of Debtor's Bankruptcy Petition and Schedules D and E/F, the United States Trustee believes and, therefore, avers that the reported debts are primarily consumer in nature.

7.	Debtor's Form 122A-2 (the "Means Test"), filed March 8, 2021, indicates Debtor is above the median family income for a household of one and the presumption of abuse does not arise.

II.	**TIMELINESS OF MOTION**

8.	Bankruptcy Code section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b) (the "Ten Day Statement").

9.	The chapter 7 trustee concluded Debtor's meeting of creditors on May 4, 2021.

10.	On May 14, 2021, the United States Trustee filed a Ten Day Statement indicating she was unable to determine whether the presumption of abuse arises.

11. On June 14, 2021, the United States Trustee filed a supplemental statement indicating the presumption of abuse arises.

12. Section 704(b)(2) requires the United States Trustee to file a motion to dismiss under section 707(b)(2) not later than 30 days after filing the Ten Day Statement.

13. In this case, the section 704(b)(2) deadline is June 14, 2021.

14. For motions under section 707(b)(3), Federal Rule of Bankruptcy Procedure 1017(e)(1) requires motions to be filed within 60 days after the first date set for the meeting of creditors under section 341(a) unless the Court, for cause, extends the deadline.

15. In this case, the Rule 1017(e) deadline is June 14, 2021.

16. This motion is filed within the requisite time periods and is timely.

### III. STATEMENT OF APPLICABLE STATUTES AND RULES

17. Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by individuals whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7.

#### A. Dismissal for presumed abuse under section 707(b)(2)

18. Section 707(b)(2) provides a mathematical formula for the Court to objectively assess a debtor's ability to repay debts from disposable income over a 60-month period following the date of the filing of the petition. Under the Means Test, the Court calculates a debtor's current monthly income, reduces that figure by certain living expenses, and multiplies the difference by 60. If that figure is greater than $13,650, the Court must presume that the debtor's case is abusive.

19. Specifically, section 707(b)(2)(A)(i) requires the Court to presume that a debtor's chapter 7 filing is abusive if his current monthly income reduced by amounts determined under

clauses (ii), (iii), and (iv) of section 707(b)(2)(A), and multiplied by 60, is not less than the lesser of (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $8,175, whichever is greater; or (II) $13,650.

20. Stated differently, if after deducting all allowable expenses from the debtor's current monthly income, the debtor has less than $136.25 per month in monthly net income (i.e., less than $8,175 to fund a 60 month plan), the filing is not presumed abusive. If the debtor has monthly income of $227.50 or more (i.e., at least $13,650 to fund a 60 month plan), the filing is presumed abusive. Finally, if the debtor's monthly income is more than $136.25 but less than $227.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25% or more of the debtor's non-priority unsecured debts.

21. If a presumption of abuse arises, the debtor may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i). The debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. 11 U.S.C. § 707(b)(2)(B)(ii) and (iii).

22. In the event the debtor establishes special circumstances of the kind described in 11 U.S.C. § 707(b)(2)(B)(i), the debtor will rebut the presumption of abuse only if he demonstrates that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by 60, to be the lesser of: (1) 25% of the debtor's non-priority unsecured debts or $8,175, whichever is greater; or (2) $13,650. 11 U.S.C. §707(b)(2)(B)(iv).

    **B.**    **Dismissal without presumption of abuse under section 707(b)(3)**

23.    If the presumption of abuse does not arise or is rebutted, a court may still determine a case is abusive under section 707(b)(3). That section states as follows:

> (3) In considering under [section 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
> (A) whether the debtor filed the petition in bad faith; or
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. §§ 707(b)(3)(A) and (B).

**IV.**    **THE PRESUMPTION OF ABUSE ARISES IN THIS CASE**

24.    Based on materials filed by Debtor and Debtor's current monthly income and allowable expenses and deductions, the United States Trustee prepared a Means Test Comparative Analysis, which is attached hereto as **Exhibit 1**.

  **A. Debtor understated Current Monthly Income**

25.    It appears Debtor did not correctly calculate her Current Monthly Income ("CMI"), as defined by Bankruptcy Code section 101(10A).

26.    The Bankruptcy Code defines CMI as the average income from all sources that the debtor received during the six-month period ending on the last day of the calendar month immediately preceding the filing of the petition, including any amount paid by an entity other than the debtor on a regular basis for the household expenses of the debtor or the debtor's dependents. 11 U.S.C. § 101 (10A). Debtor filed this case January 13, 2021. Accordingly, Debtors' CMI is the income received and the monies paid for household expenses for the six-month period

-7-

beginning July 1, 2020 and ending December 31, 2020.

27.    On March 8, 2021 after the Debtor's *pro-se* request to convert to chapter 7, the Debtor filed Official Form 122A-1 ("Statement of Your Current Monthly Income") discloses combined currently monthly income during the six-month look-back period is $6,622.00.[2]

28.    On April 8, 2021 the United States Trustee requested the Debtor provide payment advices for the six-month period beginning July 1, 2020 and ending December 31, 2020 and documentation of certain Means Tests deductions and expenses. On May 10, 2021 the United States Trustee made a second request to the Debtor for said payment advices and documentation of certain Means Tests deductions and expenses. To date, the United States Trustee has not received the Debtor's payment advices and documentation of certain Means Tests deductions and expenses.[3] Therefore, the United States Trustee calculation of income for the Debtor during the six-month look-back period is not less than $5,303.62 and based ***solely*** on and payment advices[4] filed with her chapter 13 petition for relief on January 13, 2021.[5]

29.    Accordingly, the United States Trustee adjusted current monthly income on Line 11 of Form 122A-1 to $5,303.62.  *See* **Exhibit 1**.

**B. Debtor miscalculated her tax deductions.**

30.    The United States Trustee contends the amount Debtor deducted on Line 16 (Taxes) of the Means Test in the amount of $1,583.00 is incorrect.

---

[2] *See* Official Form 122A-1, Line 11; (Dkt. No.16).
[3] The United States Trustee reserves the right to amend or supplement this motion at any time based on additional documents or information provided by Debtor.
[4] *See* Debtor's Payment Advices filed January 13, 2021 (Dkt. No. 4).
[5] On January 13, 2021, the Debtor filed with her chapter 13 petition for relief Official Form 122A-1 reflecting $5,422.00.

-8-

31. Based on the figures provided by Debtor's payment advices,[6] and documents filed with the court for the six-month period beginning July 1, 2020 and ending December 31, 2020, the United States Trustee's calculations show that Debtor's monthly tax withholdings during the period were $1,182.16 per month.

32. Accordingly, the United States Trustee adjusted the amounts on Line 16 of the Means Test to $1,182.16 per month and thereby resulting in an increase of $400.84 in the Debtor's disposable income. *See* **Exhibit 1**.

### C. Debtor miscalculated her health expense deductions.

33. The United States Trustee contends that the amount the Debtor deducted on Line 25 (Health insurance, disability insurance, and health savings account expenses) in the amount of $746.00 on the Means Test is incorrect.

34. On Line 25 of the Means Test, a debtor is permitted deductions for the monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

35. Based on the figures provided in Debtor's payment advices[7] and documents filed with the court, the United States Trustee's calculations show that the Debtor's incurrence of monthly health care expenses total $546.40.

36. Despite the United States Trustee's request, the Debtor has not provided any documentation to support that she is entitled to a deduction on Line 25 of the Means Test in the amount of $746.00.

---

[6] *Id.*
[7] *Id.*

37. Accordingly, the United States Trustee adjusted the amounts on Line 25 of the Means Test to $546.40 per month, thereby resulting in an increase of $199.60 in the Debtor's disposable income. *See* **Exhibit 1.**

**D. Debtor incorrectly claimed a deduction for continued contributions to the care of household or family members.**

38. The United States Trustee contends the amounts Debtor deducted on Line 26 (Continuing contributions to the care of household or family members) in the amount of $500.00 on the Means Test is incorrect.

39. On Line 25 of the Means Test, a debtor is permitted deductions for the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.

40. The instruction in Line 25 is based on statutory language at 11 U.S.C. § 707(b)(2)(A)(ii)(II), which states:

> [t]he debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family . . . and who is unable to pay for such reasonable and necessary expenses.

41. The plain meaning of the statute is that for an expense to be allowable on line 35 of the Means Test, the expense must be reasonable and necessary for care and support of an **elderly, chronically ill, or disabled person**. *In re Linville*, 466 B.R. 522, 528 (Bankr. D.N.M. 2011; *see also In re Williams*, 424 B.R. 207, 215 (Bankr. W.D. Va. 2010); *In re Hicks*, 370 B.R. 919, 922-23 (Bankr. E.D. Mo. 2007).

42. Despite the United States Trustee's request, the Debtor has not provided any documentation to support her entitlement to claim a deduction of $500.00 on Line 25 of the Means Test.

43. Accordingly, the United States Trustee eliminated the amount on Line 25 of the Means Test, resulting in an increase of $500.00 in the Debtor's disposable income. *See* **Exhibit 1.**

### E. Debtor incorrectly claimed a deduction for continued charitable contributions.

44. The United States Trustee contends the amounts Debtor deducted on Line 31 (Continuing charitable contributions) in the amount of $600.00 on the Means Test is incorrect.

45. 11 U.S.C. § 707(b)(1) provides, in pertinent part,

> In making a determination whether to dismiss a case under [section 707], the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

46. Line 31 of the Means Test instructs debtors to deduct, "[t]he amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization."

47. The calculation of charitable contributions for purposes of the Means Test may not include amounts which are "voluntarily added into a debtor's budget post-petition. Post-petition increases in contributions are logically characterized as 'new' contributions rather than a continuation of prior contributions." *In re Bender*, 373 B.R. 25, 29-30 (Bankr. E.D. Mich. 2007).

48. In response to the United States Trustee's inquiry, Debtor has not provided any documentation to support that she presently makes charitable contributions or that she was doing so pre-petition.

49. Accordingly, the United States Trustee adjusted the amount on Line 31 of the Means Test to $0 resulting in an increase of $600.00 in the Debtor's disposable income. *See* **Exhibit 1**.

50. The United States Trustee asserts Debtor's disposable income for purposes of section 707(b)(2) is not less than $462.77. This amount exceeds $227.50 per month, which is the initial threshold for the applicability of the presumption of abuse.

V.   **REBUTTAL OF THE PRESUMPTION OF ABUSE**

51. Debtor has not provided any documentation to support special circumstances to the United States Trustee sufficient to rebut the presumption of abuse pursuant to section 707(b)(2)(B)(ii)(I).

52. The United States Trustee is not aware of any special circumstances that would rebut the presumption of abuse in this case.

53. The United States Trustee reserves the right to amend or supplement this motion based on additional documents or information provided by Debtor.

VI.  **THE TOTALITY OF THE CIRCUMSTANCES OF DEBTOR'S FINANCIAL SITUATION DEMONSTRATES ABUSE**

54. The overwhelming majority of courts now hold that a debtor's ability to repay a portion of his or her unsecured nonpriority debt may constitute abuse under 11 U.S.C. § 707(b)(3). *See In re Walker*, 383 B.R. 830 (Bankr. N.D. Ga. 2008); *In re Henebury,* 361 B.R. 595, 607

(Bankr. S.D. Fla. 2007) ("Ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. § 707(b)(3)(B)."); *In re Mestemaker*, 359 B.R. 849, 856 (Bankr. N.D. Ohio 2007) (the "plain language of § 707(b)(3), read in conjunction with § 707(b)(1) and (2), is clear and compels a conclusion that a court must consider a debtor's actual debt-paying ability in ruling on a motion to dismiss where the presumption does not arise or is rebutted"); *In re Lenton*, 358 B.R. 651 (Bankr. E.D. Pa. 2006).

55. The courts consider the debtor's ability to pay as of the date of the hearing on the motion to dismiss--not as of the date the debtor filed the petition. *In re Pennington*, 348 B.R. 647 (Bankr. D. Del. 2006); *In re Richie*, 353 B.R. 569 (Bankr. E.D. Wis. 2006). *Accord, Henebury*, 361 B.R. 609.

**A. Debtor understated her Combined Monthly Income.**

56. Debtor reported on Schedule I, filed January 13, 2021 that her Net Income is $5,422.00 consisting of gross wages, salary, and commissions.[8]

57. The United States Trustee prepared a calculation of Debtor's net income using payment advices[9] and information contained in the Debtor's petition, schedules and statement filed on January 13, 2021, with her chapter 13 petition for relief.

58. The United States Trustee submits Debtor's income on Schedule I should be increased. It appears Debtor's Combined Monthly Income, properly stated, is not less than $5,422.06.

---

[8] To date, the Debtor has not filed an amended Schedule I or Schedule J reflecting her income or expenses at the time of conversion to chapter 7.
[9] To date, the Debtor has failed to comply with the United States Trustee's request. Therefore, the United States Trustee bases her calculation of the Debtor's Net Income on Debtor's Payment Advices filed January 13, 2021. (Dkt. No. 4).

-13-

### B. Debtor's monthly disposable income.

59. The United States Trustee's calculation of a reasonable budget allows Debtor all of her expenses, as stated on Schedule J.

60. The United States Trustee's analysis shows monthly disposable income of $1,015.06, which is sufficient to pay 100% of Debtor's scheduled unsecured debt of $41,767.00 in less than 60 months. *See* **Exhibit 2**.

### C. Other Factors

61. "The 'totality of the circumstances' approach involves an evaluation of the other stated factors as exacerbating or mitigating the apparent abuse from the debtor's ability to repay." *In re Walker*, 383 B.R. 830, 838 (Bankr. N.D. Ga. 2008). These other facts may include: (1) whether the debtor filed the bankruptcy petition in good faith; (2) whether the filing was precipitated by an unseen catastrophic event, such as a sudden illness or unemployment; (3) whether the schedules reasonably and accurately reflect the debtor's financial condition; (4) whether the debtor made significant purchases on the eve of bankruptcy; (5) whether the debtor incurred cash advances or made consumer purchases far exceeding her ability to repay them; (6) the period of time over which the debts were incurred; (7) whether the debtor's proposed budget is excessive or unreasonable; (8) the impact of the bankruptcy filing on the debtor's standard of living; (9) the debtor's age, health, number of dependents, and family responsibilities; (10) whether the debtor made any efforts to repay the debts or negotiate with creditors; (11) whether the debtor could provide a meaningful distribution in a chapter 13 case; (12) whether the debtor's expenses could be reduced significantly without depriving her or her dependents of necessities. *Id*. at 837 and *In re Rollins*, Case No. 06-52058-RFH, 2007 WL 2106087 (Bankr. M.D. Ga., Jul. 16, 2007).

**VII. CONCLUSION**

62.     Debtor appears to enjoy a stable source of future income.

63.     Debtor is eligible for adjustment of her debts through Chapter 13 of the Bankruptcy Code.

64.     Debtor has the ability to make a substantial payment pursuant to a Chapter 13 plan.

65.     Debtor has not offered any evidence that the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment.

66.     Debtor is not needy.

67.     The granting of a discharge in this case would be an abuse of the bankruptcy process.

68.     The United States Trustee submits that in this case Debtor has the ability to pay a significant portion of her unsecured debt and the totality of the circumstances of Debtor's financial situation demonstrates that this chapter 7 filing constitutes an abuse under 11 U.S.C. § 707(b)(3).

69.     The United States Trustee reserves the right to amend or supplement this motion based on additional documents or information provided by Debtor.

WHEREFORE the United States Trustee requests the Court dismiss this case and grant such other relief as the Court deems appropriate.

If Debtor converts the case to chapter 13, the United States Trustee will request the Court hold the motion in abeyance, to be scheduled for hearing in the event Debtor re-converts the case to chapter 7.

Respectfully submitted this 14th day of June, 2021.

                                                  MARY IDA TOWNSON
                                                UNITED STATES TRUSTEE
                                                REGION 21

                                                _____/s/_____
                                                Vanessa A. Leo
                                                Georgia Bar No. 410598

**United States Department of Justice**
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
404-331-4437

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Notice of Motion, Motion to Dismiss Based on Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3)* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

S. Gregory Hays    ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com
Vanessa A. Leo    ustpregion21.at.ecf@usdoj.gov, Vanessa.A.Leo@usdoj.gov
Albert F. Nasuti    mpugh@tokn.com, ifisher@tokn.com
Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
Laura D. Suggs    lsuggs@campbellandbrannon.com, jkg-ecf@campbellandbrannon.com
David C. Whitridge    DWhitridge@tokn.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Bridget Surgretta Taylor
3947 Veracruz Court
Decatur, GA 30034

Angela D. Forte
POB 477
Redan, GA 30074

Orion
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541


Dated: 6/14/2021

                                                /s/
Vanessa A. Leo
Georgia Bar No.  410598
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4437